RE: RAMO ELECTRIC COOPERATIVE TAXABILITY STATUS
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR RECENT LETTER ASKING FOR AN OFFICIAL OPINION AS TO THE TAX EXEMPT STATUS OF "KAMO ELECTRIC COOPERATIVE," AN ENTITY DESCRIBED IN THE MATERIALS ACCOMPANYING YOUR LETTER AS A NON-PROFIT CORPORATION. HE HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF. PLEASE BE ADVISED THAT THIS OFFICE CANNOT RESPOND TO YOUR LETTER WITH THE ISSUANCE OF A FORMAL OPINION FOR TWO REASONS.
FIRST, THE QUESTION YOU POSE ASKS FOR THIS OFFICE TO MAKE AN OFFICIAL DETERMINATION AS TO THE LEGAL STATUS OF THIS ENTITY, A DETERMINATION THAT IS INHERENTLY DEPENDENT UPON ITS UNIQUE FACTUAL CHARACTERISTICS. THE LEGISLATURE HAS ONLY AUTHORIZED THIS OFFICE TO RENDER OPINIONS UPON SUBJECTS NOT DEPENDENT ON INDIVIDUAL FACTUAL CIRCUMSTANCES, AS SUCH FACTUAL LEGAL DETERMINATIONS REST PROPERLY WITH THE COURTS IN CASES OF DISPUTE.
SECOND, IT IS NOTED THAT THIS REQUEST IS REALLY ONE BEING POSED BY THE DISTRICT ATTORNEY OF TULSA COUNTY, WHOSE OFFICE HAS ASKED YOU TO ACT AS A CONDUIT FOR HIM IN MAKING THE REQUEST. TITLE 74 O.S. 18 B(D) PROVIDES, IN THIS REGARD:
 "THE DUTIES OF THE ATTORNEY GENERAL AS THE CHIEF LAW OFFICER OF THE STATE SHALL BE:
* * * * *
 (D) TO CONSULT WITH AND ADVISE DISTRICT ATTORNEYS, WHEN REQUESTED BY THEM, IN ALL MATTERS PERTAINING TO THE DUTIES OF THEIR OFFICES, WHEN SAID DISTRICT ATTORNEYS SHALL FURNISH THE ATTORNEY GENERAL WITH A WRITTEN OPINION SUPPORTED BY CITATION OF AUTHORITIES UPON THE MATTER SUBMITTED."
THIS LEGISLATIVELY-APPROVED LIMITATION UPON THE ABILITY OF DISTRICT ATTORNEYS TO ASK FOR LEGAL ASSISTANCE FROM THIS OFFICE WAS ADOPTED SOME YEARS AGO WHEN IT BECAME EVIDENT THAT THE STAFFING RESTRICTIONS IMPOSED UPON THE OFFICE DUE TO THE STATE'S DIRE FISCAL STRAITS SIMPLY MADE IT IMPOSSIBLE FOR THIS OFFICE TO DO PRELIMINARY LEGAL RESEARCH FOR PUBLIC ATTORNEYS IN THE STATE WHO HAVE THE ABILITY TO PERFORM SUCH FUNCTIONS THEMSELVES. I AM PERSONALLY FAMILIAR WITH A NUMBER OF THE PERSONNEL OF THAT THE TULSA COUNTY OFFICE'S CIVIL DIVISION, AND HAVE FOUND THEM TO BE QUITE CAPABLE ATTORNEYS. I REALIZE, OF COURSE, THAT THIS OFFICE HAS DEVELOPED A GREAT DEAL OF EXPERTISE IN ISSUES OF PUBLIC LAW THAT IS PERHAPS UNMATCHED IN THE STATE, BY VIRTUE OF OUR MORE REGULAR DEALINGS WITH THESE TYPES OF ISSUES.
THEREFORE, SHOULD MR. MOSS' OFFICE DESIRE TO PREPARE AND TRANSMIT A PROPER LEGAL BRIEF ASKING OF GENERAL QUESTIONS OF LAW, GIVING ITS OPINION AS TO THE PROPER ANSWERS TO SUCH QUESTIONS, AND IN CONFORMITY WITH THE PROVISIONS OF SECTION 18B(D), THIS OFFICE WILL BE MOST HAPPY TO REVIEW THE DOCUMENT AND RESPOND FORMALLY OR INFORMALLY, AS MAY BE APPROPRIATE AND POSSIBLE. OF COURSE, IN NO CIRCUMSTANCES COULD THE OFFICE ISSUE ANY ADVICE AS TO THE PRECISE CURRENT LEGAL STATUS OF ANY PARTICULAR ENTITY, AS WE ARE ABSOLUTELY FORBIDDEN TO DO SO IN AN OPINION FORMAT.
IF YOU HAVE ANY QUESTIONS ABOUT THIS LETTER OR THE REASONS BEHIND OUR DETERMINATION THAT WE CANNOT ISSUE A FORMAL OPINION IN RESPONSE TO YOUR LETTER, PLEASE FEEL FREE TO CALL ME AT YOUR CONVENIENCE.
(MICHAEL SCOTT FERN)